BRANCART & BRANCART
Christopher Brancart (SBN 128475)
cbrancart@brancart.com
Liza Cristol-Deman (SBN 190516)
lcristoldeman@brancart.com
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,

    Plaintiffs,

vs.

SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,

    Defendants.

Case No. CV10 8317 ODW (JEMx)

COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1. In this action, the plaintiffs seek monetary, declaratory and injunctive relief against defendants for discrimination and harassment on the basis of sex in the operation of an apartment building located at 21715 Lanark Street in Canoga Park, California ("Lanark Court Apartments"), in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq. and related state laws.

///
///

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within the City of Los Angeles, Canoga Park District, in Los Angeles County, California.

## III. PARTIES

4. Plaintiff Fair Housing Council of San Fernando Valley, Inc. ("FHCSFV"), is a nonprofit corporation with a mission of fostering diversity and equal opportunity in housing through education and enforcement of state and federal fair housing laws. Its office is located in Panorama City, and it provides fair housing services, among other things, in local jurisdictions throughout the San Fernando Valley. One of its specific purposes and goals is the elimination of all forms of illegal housing discrimination. To this end, FHCSFV's activities include, but are not limited to: (1) investigating allegations of discrimination; (2) conducting investigations of housing facilities to determine whether equal opportunity in housing is provided; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and, (4) providing outreach and education to the community regarding fair housing.

5. Plaintiff Gabriela Lopez ("Ms. Lopez") lives with her family in the Lanark Court Apartments, where defendant Miguel Deloya ("Mr. Deloya") is employed by defendants as the resident manager and repairman. During her

tenancy, Ms. Lopez has been sexually harassed by Mr. Deloya. Accordingly, Ms. Lopez is an aggrieved person within the Fair Housing Act, 42 U.S.C. § 3602(i) and the Fair Employment and Housing Act, Govt. Code § 12927(g).

6. Plaintiff Elsy Quevedo ("Ms. Quevedo") lives with her family in the Lanark Court Apartments. During his employment as resident manager, Mr. Deloya has sexually harassed Ms. Quevedo. Accordingly, Ms. Quevedo is an aggrieved person within the Fair Housing Act, 42 U.S.C. § 3602(i) and the Fair Employment and Housing Act ("FEHA"), Govt. Code § 12927(g).

7. Defendants Sanford A. Katz and Carolyn R. Katz are each trustees of the Sanford A. Katz and Carolyn R. Katz Inter-vivos Trust of 1979, which owns the Lanark Court Apartments. The Lanark Court Apartments constitute a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602, and a housing accommodation within the meaning of the FEHA, Govt. Code § 12927(d).

8. Defendant Statewide Management, Inc. is a California corporation employed by Mr. and Mrs. Katz to operate and manage the Lanark Court Apartments.

9. Defendant Miguel Deloya (aka Miguel Pineda) is employed by defendants as the resident manager and repairman of the Lanark Court Apartments. Mr. Deloya lives in apartment 219 at the Lanark Court Apartments.

10. Each defendant was, at all times relevant, the agent, employee or representative of each other defendant; each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV. FACTS

### A. INTRODUCTION

11. Defendants, acting individually or through their agents, have engaged

in a pattern or practice of discrimination and harassment against women in the management and operation the Lanark Court Apartments. Defendants' pattern or practice of discrimination includes, but is not limited to:

    a. Creating a hostile living environment for female tenants because of sex;

    b. Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling, because of sex;

    c. Making statements indicating a limitation, preference or discrimination, or the intent to discriminate, based on sex;

    d. Threatening, intimidating, or interfering with female tenants in their enjoyment of dwellings because of sex;

    e. Coercing female tenants, to deny or limit the benefits provided those persons in connection with the rental of a dwelling because of sex;

    f. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith; and,

    g. Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable person in the same position would consider intimidating, hostile, offensive or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in

connection therewith.

### B. GABRIELA LOPEZ

12. Ms. Lopez and her family have resided in an apartment at the Lanark Court Apartments since 1999. In 2009, defendant Statewide Management hired Mr. Deloya to serve as the resident manager and repairman of the Lanark Court Apartments.

13. While employed as the resident manager and repairman, Mr. Deloya entered Ms. Lopez's apartment under pretext of repairing a broken toilet. Upon entering the apartment, Mr. Deloya directed Ms. Lopez to enter the bathroom to show him the broken toilet. Ms. Lopez complied, entering the bathroom. Mr. Deloya followed her into the bathroom and shut the door. Once inside, Mr. Deloya directed Ms. Lopez to bend over and show him the defect in the toilet. While Ms. Lopez bent over, Mr. Deloya brushed her buttocks. Ms. Lopez jumped up, and Mr. Deloya tried to hug her, saying, "I want to do something with you," or words to that effect. Ms. Lopez pushed him away and fled the bathroom.

14. Following that incident, Mr. Deloya continued to sexually harass Ms. Lopez. He approached her, puckering his lips and making a kissing sound. He also threatened to further invade Ms. Lopez's privacy by listening to her family's private activities inside their apartment.

### C. ELSY QUEVEDO

15. Ms. Quevedo and her family have resided in an apartment at the Lanark Court Apartments since 2004.

16. In 2009, after he became resident manager, Mr. Deloya entered Ms. Quevedo's apartment without notice or permission. Ms. Quevedo was alone. Mr. Deloya claimed that he entered for the purpose of making repairs. Once inside the apartment, Mr. Deloya made several offensive sexual statements to Ms. Quevedo, indicating that he wanted to have sex with Ms. Quevedo and offering her a free apartment in exchange for sex. In response, Ms. Quevedo demanded that Mr.

Deloya leave her apartment.

17. Following that incident, Mr. Deloya continued to sexually harass Ms. Quevedo. He re-entered her apartment, without notice or permission, to reiterate his proposal that Ms. Quevedo exchange sex for housing. Mr. Deloya also harassed Ms. Quevedo in the laundry room of Lanark Court Apartments by making offensive sexual statements to her.

### C. FHCSFV'S INVESTIGATION

18. Ms. Lopez and Ms. Quevedo, among other female tenants, contacted FHCSFV and complained about sexual harassment committed by Mr. Deloya. FHCSFV counseled each of the complainants. It also undertook efforts of education and outreach, including the distribution of fair housing information to residents of the Lanark Court Apartments. Each of these activities was undertaken in an effort to counteract the effects of defendants' discriminatory housing practices.

### D. INJURIES

19. By reason of defendants' unlawful acts or practices, Ms. Lopez and Ms. Quevedo have suffered emotional distress, including humiliation, mental anguish, and attendant bodily injury, violation of their civil rights, loss of dignity, embarrassment, invasion of their private right of occupancy, and otherwise sustained injury. Accordingly, Ms. Lopez and Ms. Quevedo are entitled to compensatory damages and statutory damages.

20. By reasons of defendants' unlawful acts and practices, FHCSFV has diverted resources: (1) to educate residents about their fair housing rights, and (2) to prevent continued acts of unlawful discrimination. Defendants' unlawful acts and practices have caused plaintiff FHCSFV to divert resources.

21. Defendants' unlawful acts and practices also have injured FHCSFV by frustrating its mission to serve the public by helping eradicate housing discrimination, ensuring that decent rental housing is made available to all persons

without discrimination, and protecting the important rights and benefits that arise from living in a diverse community. Defendants' unlawful acts and practices have caused FHCSFV to suffer economic losses and out-of-pocket expenditures in their efforts to counteract the effects of unlawful discrimination based on sex in the San Fernando Valley and to provide outreach and education regarding the rights and obligations accorded under the fair housing laws.

22. In doing the acts of which plaintiffs complain, defendants acted with oppression, fraud and malice, and with wanton and conscious or reckless disregard of the federally protected rights of plaintiffs. Accordingly, plaintiffs are entitled to punitive damages.

23. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, plaintiffs are entitled to declaratory relief.

24. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiffs have no adequate remedy at law. Plaintiffs are now suffering and will continue to suffer irreparable injury from defendants' acts and their pattern or practice of discrimination on the basis of sex and of sexual harassment unless relief is provided by this Court. Accordingly, plaintiffs are entitled to injunctive relief.

## V. CLAIMS

### A. FIRST CLAIM

### [Fair Housing Act]

25. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

26. Defendants injured each plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq.

### B. SECOND CLAIM

[California Fair Employment and Housing Act]

27. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

28. Defendants injured each plaintiff by committing unlawful housing practices in violation of the California Fair Employment and Housing Act, California Government Code § 12955, et seq.

## C. THIRD CLAIM

[California Unruh Civil Rights Act]

*[Plaintiffs Lopez and Quevedo only v. Defendants]*

29. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

30. Defendants injured plaintiffs Gabriela Lopez and Elsy Quevedo in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., by discriminating against women in the operation of the Lanark Court Apartments, a business establishment.

## D. FOURTH CLAIM

[Unfair Business Practices]

31. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

32. Defendants injured each plaintiff by engaging in a pattern or practice of unlawful conduct in the operation of the Lanark Court Apartments, a business establishment, in violation of the California Business and Professions Code § 17200, et seq.

## E. FIFTH CLAIM

[Negligence]

33. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

34. Defendants injured each plaintiff by want of ordinary care or skill in

the management of their property, person, or agents in violation of California Civil Code § 1714.

### F. SIXTH CLAIM

[Covenant of Quiet Use and Enjoyment]

*[Plaintiffs Lopez and Quevedo only v. Defendants]*

35. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

36. Defendants injured Ms. Lopez and Ms. Quevedo by invading their private right occupancy and infringing upon their right to the quiet use, enjoyment and possession of their dwelling in violation of Civil Code §§ 1927 and 1940.2.

### G. SEVENTH CLAIM

[Unlawful Entry]

*[Plaintiffs Lopez and Quevedo only v. Defendants]*

37. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

38. Defendants injured Ms. Lopez and Ms. Quevedo by unlawful entry or seeking unlawful entry of their dwelling in violation of Civil Code §§ 1940.2 and 1954.

### H. EIGHTH CLAIM

[Invasion of Privacy]

*[Plaintiffs Lopez and Quevedo only v. Defendant Deloya]*

39. Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

40. Defendant Deloya harmed Ms. Lopez and Ms. Quevedo by intentionally intruding into their apartments in a manner and with a motive that would be highly offensive to a reasonable person.

### VI. RELIEF

Wherefore, plaintiffs pray for entry of a judgment against the defendants

that:

1. Awards compensatory and punitive damages according to proof;

2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal opportunities to persons regardless of their sex;

4. Awards statutory damages to Ms. Lopez and Ms. Quevedo against each defendant pursuant to the Unruh Civil Rights Act;

5. Awards costs of this action, including reasonable attorneys' fees; and,

6. Awards all such other relief as the Court deems just.

Dated: November 1, 2010.

Respectfully submitted,

BRANCART & BRANCART

/s/ Christopher Brancart
Christopher Brancart
cbrancart@brancart.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

### CV10- 8317 ODW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Christopher Brancart (SBN 128475)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141   fax: 650-879-1103

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fair Housing Council of San Fernando Valley, Inc., Gabriela Lopez, and Elsy Quevedo<br><br>PLAINTIFF(S)<br>v.<br><br>Sanford Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; (see attached)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 8317 ODW (JEMx)<br><br>SUMMONS |

TO:   DEFENDANT(S):   Carolyn Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher Brancart_____, whose address is _PO Box 686, Pescadero, California 94060 (cbrancart@brancart.com)_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV -3 2010

By: CHRISTOPHER POWERS
    Deputy Clerk
    (Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF |

Name & Address:
Christopher Brancart (SBN 128475)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141    fax: 650-879-1103

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fair Housing Council of San Fernando Valley, Inc., Gabriela Lopez, and Elsy Quevedo<br><br>PLAINTIFF(S)<br>v.<br>Sanford Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; (see attached)<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 8317 ODW (JEMx)<br><br><br>SUMMONS |

TO:    DEFENDANT(S):   Miguel Deloya

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Christopher Brancart_____, whose address is _PO Box 686, Pescadero, California 94060 (cbrancart@brancart.com)_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  NOV -3 2010

By: CHRISTOPHER POWERS
    Deputy Clerk
    (Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF |

Name & Address:
Christopher Brancart (SBN 128475)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141    fax: 650-879-1103

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Fair Housing Council of San Fernando Valley, Inc., Gabriela Lopez, and Elsy Quevedo<br>PLAINTIFF(S)<br>v.<br>Sanford Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; (see attached)<br>DEFENDANT(S). | CV10 8317 ODW (JEMx)<br><br>SUMMONS |

TO:   DEFENDANT(S):   Sanford Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher Brancart_____, whose address is _PO Box 686, Pescadero, California 94060 (cbrancart@brancart.com)_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV - 3 2010

By: CHRISTOPHER POWERS
    Deputy Clerk
    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                      SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF |

Name & Address:
Christopher Brancart (SBN 128475)
Brancart & Brancart
PO Box 686
Pescadero, CA 94060
tel: 650-879-0141   fax: 650-879-1103

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Fair Housing Council of San Fernando Valley, Inc., Gabriela Lopez, and Elsy Quevedo<br>PLAINTIFF(S)<br>v.<br>Sanford Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; (see attached)<br>DEFENDANT(S). | CV10 8317 ODW (JEMx)<br><br>SUMMONS |

TO:   DEFENDANT(S):   Statewide Management, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher Brancart_____, whose address is _PO Box 686, Pescadero, California 94060 (cbrancart@brancart.com)_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  NOV - 3 2010

By:  CHRISTOPHER POWERS
    Deputy Clerk

    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                     SUMMONS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR MONETARY, DECLARATORY AND INJUNCTIVE RELIEF |