1 | MICHAEL J. O'CONNOR, ESQ. – State Bar No. 087381
**EARLY, MASLACH & VAN DUECK**
2 | 700 S. Flower Street, Suite 2800
Los Angeles, CA 90017
3 | Phone: (213) 615-2500
Fax: (213) 615-2698
4 |
5 | Attorney for Defendants,
Sanford A. Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of
6 | 1979; Carolyn Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust
of 1979; Statewide Management, Inc., and Miguel Deloya
7 |
8 |
9 | **UNITED STATES DISTRICT COURT**
10 | **CENTRAL DISTRICT OF CALIFORNIA**
11 |
12 | FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, AND ELSY QUEVEDO,
13 |
Plaintiffs,
14 |
15 | vs.
16 | SANFORD A. KATZ, AS TRUSTEE OF SANFORD A. KATZ AND CAROLYN R. KATZ INTER-VIVOS TRUST OF 1979;
17 | CAROLYN KATZ, AS TRUSTEE OF SANFORD A. KATZ AND CAROLYN R.
18 | KATZ INTER-VIVOS TRUST OF 1979;
STATEWIDE MANAGEMENT, INC.,
19 | AND MIGUEL DELOYA
20 | Defendants.
21 |

Case No.: CV108317ODW (JEMX)

**ANSWER TO COMPLAINT**

22 |
23 |     COME NOW the Defendants, Sanford A. Katz, as trustee of Sanford A. Katz and
24 | Carolyn R. Katz Inter-Vivos Trust of 1979; Carolyn Katz, as trustee of Sanford A. Katz
25 | and Carolyn R. Katz Inter-Vivos Trust of 1979; Statewide Management, Inc., and Miguel
26 | Deloya, above named, and in answer to the Complaint of Plaintiffs on file herein admit,
27 | deny and allege as follows:
28 | **I**

Answering paragraphs 5, 6, 11, 13, 14, 16, 17, 19, 20, 21, 22, 23, 24, 26, 28, 30, 32, 34, 36, 38, 40 and Prayer Paragraphs 1-6 of the Complaint, these Defendants deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the said allegations therein contained.

## II

Answering paragraphs 1, 2, 4, 7, 8, 9, 10, 12, 15 and 18 of the Complaint, these Defendants lack information and belief sufficient to enable them to answer the allegations thereof, and for such reason deny each and every, all and singular, the said allegations therein contained.

## III

Answering paragraphs 25, 27, 29, 31, 33, 35, 37, 39 of the Complaint, these Defendants incorporate by reference the responses to the paragraphs referred to by plaintiffs, and deny or deny based on lack of information and belief those allegations.

## IV

These defendants admit the allegations of paragraph 3.

## FIRST AFFIRMATIVE DEFENSE

That all times mentioned in the Complaint, the Plaintiffs so carelessly, recklessly and negligently conducted and maintained themselves so as to cause and contribute in some degree to the alleged incident and to the damages and injuries, if any, alleged to have been sustained by said Plaintiffs and therefore said negligence completely bars any recovery or in the alternative, it reduces the right of recovery by that amount said negligence contributed to this incident as set forth under the doctrine of comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

That at all times mentioned in the Complaint, Plaintiffs, knowing the probable consequences thereof, placed  themselves in a position of danger and freely and

voluntarily participated in all the activities alleged herein, and thereby assumed all the risks attendant thereto.

### THIRD AFFIRMATIVE DEFENSE

That the Complaint and each of the alleged causes of action fails to state facts sufficient to constitute a cause of action against these answering Defendants.

### FOURTH AFFIRMATIVE DEFENSE

That Plaintiffs failed to exercise reasonable care and diligence to mitigate any damages sustained by reason of Defendants' alleged acts.  Therefore, any damages awarded to Plaintiffs shall be limited to the damages Plaintiffs would have sustained had Plaintiffs mitigated their damages.

### FIFTH AFFIRMATIVE DEFENSE

That Plaintiffs are barred from any recovery as to these answering Defendants, in that any damage proven to have been sustained by Plaintiffs was the direct and proximate result of the independent and superseding action of Plaintiffs and other persons or parties, and not due to any act or omission on the part of these Defendants.

### SIXTH AFFIRMATIVE DEFENSE

That each of the alleged causes of action stated in the complaint is barred by the applicable statute of limitations including, but not limited to, provisions of Subdivision 3, Section 340, and/or Section 335.1 of the California *Code of Civil Procedure*.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are or may be barred by the provisions of *Civil Code* Sections 3333.3 and/or 3333.4.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any losses, damages, injuries, and/or harm, such losses, harm, damages and/or injuries were proximately caused, contributed to and/or initiated by persons and/or entities other than the answering Defendants, and the liability of all Defendants named or unnamed, should be apportioned according to their relative degrees

of fault, and the liability, if any, of the answering Defendants should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE

Under and pursuant to the terms of Civil Code Sections 1431.1 through 1431.5, Plaintiffs are barred and precluded from recovery against the answering Defendants for any noneconomic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendants, if any.

### TENTH AFFIRMATIVE DEFENSE

That Plaintiffs' Complaint to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code Section 3294, violate Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### ELEVENTH AFFIRMATIVE DEFENSE

That said Complaint, to the extent that it seeks punitive or exemplary damages pursuant to California Civil Code Section 3294, violate Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violate Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

WHEREFORE, Defendants pray that Plaintiffs take nothing by reason of their Complaint and that these Defendants be dismissed hence with their costs.

### JURY TRIAL DEMAND

These defendants demand a jury trial.

**NOTICE**

By placing the following statement in the answer, neither these Defendants nor their counsel waives any privilege or objection regarding the admissibility of the following statement (or the existence of insurance coverage for the defendant), and requests that this statement be redacted as may be necessary and appropriate to protect the defendant.

All attorneys and staff of the office of Early, Maslach & Van Dueck are employees of Farmers Insurance Exchange, a Member of the Farmers Insurance Group of Companies, and not a partnership.

DATED: January 6 , 2011

EARLY, MASLACH & VAN DUECK

BY: _____

MICHAEL J. O'CONNOR, ESQ.
Attorney for Defendants,
Sanford A. Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-vivos Trust of 1979; Carolyn Katz, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; Statewide Management, Inc., and Miguel Deloya

Re: <u>FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY; ET AL. v. SA KATZ; ET AL.</u>
Case Number:  CV108317ODW (JEMx)

## PROOF OF SERVICE

  I am a resident of the State of California and over the age of eighteen years, and not a party to the within action.  My business address is 700 S. Flower Street, Suite 2800, Los Angeles, CA 90017.  On January __6__, 2011, I served the following document(s):

## ANSWER TO COMPLAINT

X by placing the document(s) listed above in a sealed envelope, addressed as set forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

 by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

 By causing a true copy thereof to be personally delivered to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the United State of California that the above is true and correct.

  Executed on January __6__, 2011, at Los Angeles, California.

_____
LISA N. MONROE

1   Re: FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY; ET AL. v. SA
2   KATZ; ET AL.
    Case Number: CV108317ODW (JEMx)
3
                            **SERVICE LIST**
4
5   Christopher Brancart, Esq.
    Brancart & Brancart
6   P.O. Box 686
    Pescadero, CA  94060
7   Attorney for Plaintiff, Fair Housing Council of San Fernando Valley
    Phone: (650) 879-0141
8   Fax: (650) 879-1103
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28