UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF SAN FERNANDO VALLEY, INC., GABRIELA LOPEZ, and ELSY QUEVEDO,<br><br>Plaintiffs,<br><br>vs.<br><br>SANFORD A. KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; CAROLYN KATZ, as trustee of Sanford A. Katz and Carolyn R. Katz Inter-Vivos Trust of 1979; STATEWIDE MANAGEMENT, INC., and MIGUEL DELOYA,<br><br>Defendants. | Case No. CV 10-8317-ODW(JEMx)<br><br>*DISCOVERY MATTER*<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

**IT IS HEREBY ORDERED THAT:**

1. As used in this Protective Order, "Confidential Information" means:

(a) Defendants' tenant, applicant, and employee files, including documents reflecting personal and financial information about applicants, tenants, or employees;

///

///

1  (b) Defendants' financial records;[1]

2  (c) Plaintiff Fair Housing Council of San Fernando Valley's investigation files;

4  (d) Plaintiff Gabriela Lopez's personal records; and,

5  (e) Plaintiff Elsy Quevedo's personal records.

2. The Confidential Information described above is properly subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted and that the material falls into one of the specific categories listed in paragraph 1, above.

3. If a party wishes to challenge the designation of a document or portion of a document as "CONFIDENTIAL," the party challenging the designation shall meet and confer in good faith with the designating party in an attempt to resolve the dispute. If the parties are unable to resolve their dispute, the party seeking confidentiality may file a motion with the Court seeking adjudication of the matter under Fed. R. Civ. P. 26(c). The party seeking confidentiality has the burden of establishing that protection is warranted under Fed. R. Civ. P. 26(c).

4. Confidential Information shall be disclosed by the parties and their counsel only in accordance with the terms of this Protective Order and shall be used solely for the purposes of this action and shall not be used by the parties or their counsel for any other purpose.

5. Confidential Information shall not be disclosed by the parties or their counsel to anyone other than the Court and its officers, counsel and their agents and employees, all of whom shall be advised of, and bound by, the terms of this Protective Order. Counsel may also disclose Confidential Information to qualified

---

[1] Defendants object to the discovery of their financial information. By entering into this stipulation, they do not waive that objection.

1  third-parties employed or retained to assist in the prosecution, defense, or
2  settlement of this action, such as investigators, expert witnesses and technical
3  advisers. Anyone (other than the Court and its personnel) who is allowed to
4  receive Confidential Information shall be provided with a copy of this Protective
5  Order and shall sign a Non-Disclosure Agreement in form set forth below or in a
6  substantially similar form before such disclosure is made:

## Non-Disclosure Agreement

8  I, (name of individual), have read and fully understand the
9  Protective Order dated _____, in the action *Fair Housing Council*
10  *of San Fernando Valley, et al. v. Sanford Katz, et al.*, in the United
11  States District Court for the Central District of California. I am
12  familiar with and agree to comply with and be bound by the
13  provisions of said Order and submit myself to the jurisdiction of the
14  United States District Court for the Central District of California for
15  any proceedings with respect to said Protective Order. I will not
16  divulge to persons other·than those specifically authorized by said
17  Order, or copy or use, except solely for the purposes of this action,
18  any material or information obtained pursuant to said Order except as
19  specifically permitted by the Court.
20  Dated: _____    _____
21                              (Signature)
22                              (Address)
23                              (Telephone)
24

25  6.  To the extent feasible, any party filing any document that contains
26  Confidential Information shall redact all Confidential Information before filing. If
27  a party wishes to attach Confidential Information to any document filed with the
28  Court, the parties shall comply with the requirements and procedures set forth in

-3-

1 the local rules for seeking leave to file the Confidential Information under seal.

2     7. Prior to hearings or testimony before the Court in this case, the
3 parties, in the event that it is known reasonably in advance of such hearing or
4 testimony that matters involving Confidential Information will be raised, shall so
5 advise the Court.

6     8. Nothing in this Protective Order shall affect the admissibility of any
7 Confidential Information in this action, notwithstanding any ruling or order from
8 the Court, whether at the time of trial or prior thereto, that certain documents,
9 testimony or other evidence, even if deemed confidential, is nonetheless
10 inadmissable.

11     9. Within 30 days after the termination of this action all Confidential
12 Information produced by a party shall be returned to that party's counsel.

13     10. Nothing in this Protective Order shall be construed to unduly hamper
14 the rights of the parties to prosecute and defend this action. Nothing in this
15 Protective Order shall preclude any party from moving the Court for modification
16 of any terms and conditions thereof. Any party may, at any time, move the Court
17 for modification of this Protective Order.

18     11. This Protective Order shall survive the final termination of this action.
19 The Court shall retain jurisdiction to enforce this Protective Order for six months
20 after the final termination to resolve any dispute concerning the use of Confidential
21 Information.

22     IT IS SO ORDERED.
23     Dated: August 26, 2011

*/s/John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE